UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LOUIS MORGAN, et al.,

        Plaintiffs,

                                  CASE NO. 2:11-CV-11780
v.                               HONORABLE AVERN COHN

ZIVIT COHEN, et al.,

        Defendants.

_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL
## AND DIRECTING SERVICE UPON REMAINING DEFENDANTS

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. The plaintiffs are five Michigan prisoners currently confined at the Cotton Correctional Facility in Jackson, Michigan, and nine Michigan prisoners currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. Plaintiffs allege that they have been denied proper medical care and subject to retaliation while incarcerated. The named defendants are 25 Michigan Department of Corrections ("MDOC") employees at the Cotton and Lakeland facilities, a Prison Health Services employee, and Prison Health Services ("PHS"). The Court has reviewed the complaint.[1] For the reasons that follow, all of the Plaintiffs except Herbert Helton will be dismissed and all of the defendants except those

---

[1]The Court refers to the complaint as a whole but notes that the Plaintiffs have basically prepared individual complaints, stapled them together, and filed them as one action.

named in Helton's complaint will be dismissed based upon misjoinder.[2]  In a separate

order, Helton's application to proceed without prepayment of fees and costs will be

granted so that he may proceed without prepayment of the $350.00 filing fee for this

action.  *See* 28 U.S.C. § 1915(a)(1).  Helton's complaint will proceed as explained

below.

## II.  Factual Allegations

Plaintiffs Herbert Helton, Jesse Swansbrough, Channing Thompson, Thomas

Owens, and David Beaudoin, are confined at the Cotton Correctional Facility.  Plaintiff

Helton complains of spinal, hand, hip, leg, and foot pain and names MDOC employees

Zivit Cohen, E. Cody, and Larry McMillan, PHS employee Jeffery Stevie, and PHS as

defendants.  Plaintiff Swansbrough is a diabetic who complains of leg and foot pain and

a broken toe and names the same defendants.  Plaintiff Thompson has a colostomy,

intestinal obstructions, and pain and names the same defendants.  Plaintiff Owens has

a heart condition, high blood pressure, and arthritis pain and names the same

defendants.  Plaintiff Beaudoin is a diabetic who complains of foot pain and names

Cohn, Cody, Stevie, and PHS as defendants.

Plaintiffs Louis Morgan, Phillip Wayne Berryman, Jerry Talison, Al Lewis, Michael

Sones, Robert Richardson, Nawarrion Taylor, Edwin Huff, and James Varnado are

confined at the Lakeland Correctional Facility.  Plaintiff Morgan complains of a left leg

infection and related right leg and back pain and names MDOC employees Cohen,

---

[2]The dismissal is without prejudice to the filing of individual complaints.  At this
time, the Court makes no determination as to the procedural or substantive merits of the
dismissed Plaintiffs' claims or their applications to proceed without prepayment of the
filing fee.

Raymond Ingraham, Syed Sohial, and Connie Ives and PHS employee Stevie and PHS as defendants. Phillip Wayne Berryman complains of spinal paralysis, cancer, heart and esophageal problems, degenerative joint disease ("DJD"), and muscle deterioration and names MDOC employees Cohn, Richard Cady, Vicki Carlson, K. Hamlin, Debra Scutt, Diane Schwarz, Quincy Cooper, Corrections Officer King, Corrections Officer Wilton, D. Cathcart, Ingraham, M. Lumbert, J. Prater, Assistant Deputy Warden Vest, J. Morris, R. Mask, McMillan, Chris Langley, Ives, Adriane Neff, Michele Slick, Joe Barrett, Sohial, and James VanSummeren and PHS as defendants. Plaintiff Talison complains of Hepatitis C and left-side paralysis and names Sohial, Ingraham, Schwarz, and PHS as defendants. Plaintiff Lewis complains of high blood pressure, nose bleeds, peripheral arterial disease ("PAD"), and leg and foot pain and names the same defendants. Plaintiff Sones complains of Hepatitis C, leg swelling and pain and names the same defendants. Plaintiff Richardson complains of hips problems and leg and foot pain and names the same defendants. Plaintiff Taylor is a diabetic and complains of high blood pressure, vision problems, leg amputation and infection, and PAD and names the same defendants. Plaintiff Huff is a diabetic who complains of eye and ear infections and names Sohial, Ingraham, M. Marvin, Schwarz, and PHS as defendants. Plaintiff Varnado complains about a spinal condition, pain, and his access to proper equipment such as a wheelchair, back brace, and cane. He names Sohial, Ingraham, Schwarz, Stevie, and PHS as defendants.

Each plaintiff alleges that his named defendants denied him proper medical care and retaliated against him in violation of his constitutional rights. Each plaintiff sues his named defendants in their individual and official capacities, and seeks declaratory and

3

injunctive relief, compensatory and punitive damages, and other appropriate relief.

### III.  Discussion

### A.  Misjoinder

The 14 plaintiffs in this action bring medical care and retaliation claims against 25 defendants.  This implicates the issue of misjoinder.  Fed. R. Civ. P. 21 provides this Court with the authority to *sua sponte* dismiss or sever parties and claims in a civil action due to misjoinder.  Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated.  *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778  (E.D. Mich. 2009) (adopting magistrate judge's report).  This is particularly true when prisoners seek to join multiple plaintiffs in a single

4

lawsuit because the circumstances of confinement are not compatible with such litigation. *See Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *5 (D.N.J. June 23, 2008) (collecting cases and noting difficulties such as the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation"). Additionally, prisoners seeking to bring civil rights actions challenging the conditions of their confinement have individual and specific hurdles to overcome, such as venue, stating a valid claim for relief, demonstrating exhaustion of administrative remedies, and complying with the applicable statute of limitations, which makes multi-party litigation difficult. *See Proctor*, 661 F. Supp. 2d at 756; *Fisher v. Taylor*, No. 10-3991 (RBK), 2010 WL 3259821, *3 (D.N.J. Aug. 17, 2010) (stating that joinder may not be appropriate where a separate determination is required to determine whether plaintiffs have complied with the exhaustion requirement and citing cases). Prisoners should also not be allowed to proceed with multiple plaintiff (or multiple defendant) litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Fed. R. Civ. P. 18 governs the joinder of claims and Fed. R. Civ. P. 20 governs the permissive joinder of parties.[3] Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an

---

[3]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable to this case. *See* Fed. R. Civ. P. 19.

5

opposing party."  Rule 20(a)(1) addresses when multiple plaintiffs may bring a joint

action:  "Persons may join in one action as plaintiffs if:  (A) they assert any right to relief

jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and (B) any question

of law or fact common to all plaintiffs will arise in the action."  Rule 20(a)(2) addresses

when multiple defendants may be joined in one action.  It similarly provides:  "Persons

... may be joined in one action as defendants if:  (A) any right to relief is asserted

against them jointly, severally, or in the alternative with respect to or arising out of the

same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all defendants will arise in the action."  When multiple

parties are named, the analysis under Rule 20 precedes that under Rule 18.  *See, e.g.,*

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 778  (E.D. Mich. 2009).  Thus, when joining

either multiple plaintiffs or multiple defendants in a single action, the two-part test of

Rule 20(a)(1) or 20(a)(2) must be met.

Here, Plaintiffs have failed to meet the two-part test of Rule 20(a) for the joinder

of multiple plaintiffs.  Their medical and retaliation claims do not arise out of the same

transaction, occurrence, or series of transactions or occurrences – such claims are

personal to them and involve distinct factual scenarios even though the applicable legal

standards may be the same.  *See Proctor*, 661 F. Supp. 2d at 779 (finding claims

factually unrelated even though plaintiffs alleged that defendants subjected them to the

same or similar treatment); *Catanzaro v. Michigan Dep't of Corrections*, No. 08-11173,

2009 WL 4250027, *13 (E.D. Mich. Nov. 19, 2009) (adopting magistrate judge's report

finding that plaintiffs were mis-joined where they raised different claims and their

6

retaliation claims had different factual predicates); *Harris v. Spellman*, 150 F.R.D. 130,

132 (N.D. Ill. 1993) (similar procedural errors did not convert independent prison

disciplinary hearings into same transaction or occurrence).  To be sure, consideration of

Plaintiffs' individual medical care claims will entail review of their private medical

records, as well as their own prison documentation such as grievances.  Additionally,

the complained of conduct occurred at different times (although distinct time frames

have not been set forth in the complaint) and at two different prisons – one located in

the Eastern District of Michigan and one located in the Western District of Michigan.

While some of Plaintiffs' claims involve the same defendants, many of them involve

different defendants, and the grouping of defendants varies.  Under these

circumstances, joinder of the multiple plaintiffs in this one civil rights action is

inappropriate.

The remaining question is whether severance or dismissal of the mis-joined

parties is warranted.[4]  As discussed *supra*, Rule 21 gives the Court discretion to invoke

either remedy  "on just terms."  Several federal courts have interpreted "on just terms" to

mean "without gratuitous harm to the parties."  *See Harris v. Gerth*, No. 08-CV-12374,

2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases).  Given that no harm to

the parties is apparent from the record, that Plaintiffs may be concerned about being

responsible for the full filing fee rather than a portion thereof, and that venue for several

of the dismissed claims may lie in the Western District of Michigan, dismissal of the

multiple plaintiffs and their corresponding claims and defendants, rather than

---

[4]Dismissal of the entire action for misjoinder is not permitted.  *See* Fed. R. Civ. P.
21.

severance, is the more appropriate course of action.

Accordingly, plaintiffs Swansbrough, Thompson, Owens, Beaudoin, Morgan, Berryman, Talison, Lewis, Sones, Richardson, Taylor, Huff, and Varnado will be dismissed from this action and their claims will be dismissed without prejudice against their named defendants.  This leaves only Helton as a plaintiff.[5]  Review of his complaint against defendants Cohen, Cody, McMillan, Stevie, and PHS is discussed below.

### B.  Helton's Complaint

### 1.

Helton has been granted leave to proceed without the filing fee for this action.  As such, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Fed. R. Civ. P. 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

---

[5]The Court retains Helton because he is the first named plaintiff for whom venue is clearly proper in the Eastern District of Michigan.

demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A pro se civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**2.**

Despite this liberal pleading standard, Helton's retaliation claims against his named defendants must be dismissed.  To state a retaliation claim, a plaintiff must allege:  (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in

that conduct," and (3) that the adverse action was motivated by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Helton has not met this standard. He has failed to allege any facts which show that the defendants denied him medical care or took any other adverse action based upon his engagement in constitutionally protected conduct such as the filing of a grievance. Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Helton has failed to state a retaliation claim under § 1983 in his complaint and the claim must therefore be dismissed.

Additionally, Helton's claims against McMillan must be dismissed because he has failed to allege any facts demonstrating his personal in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Turner v. City of Taylor,* 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Helton has not done so with respect to McMillan. Any claim that McMillan failed to properly supervise another employee, should be vicariously liable for the employee's action or inaction, erred in denying a grievance, and/or did not properly

10

respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Helton's claims against McMillan must therefore be dismissed.

Finally, Helton's claims against defendants Cohen, Stevie, Cody, and Prison Health Services for the denial of medical care are not subject to summary dismissal. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v. Northville Reg. Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (a plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care). Service upon those defendants is therefore appropriate.

## IV.  Conclusion

For the reasons stated above, plaintiffs Swansbrough, Thompson, Beaudoin, Owens, Morgan, Berryman, Talison, Lewis, Sones, Richardson, Huff, Varnado, and Taylor (and their corresponding claims and defendants) have been mis-joined in this action. Accordingly, plaintiffs Swansbrough, Thompson, Beaudoin, Owens, Morgan, Berryman, Talison, Lewis, Sones, Richardson, Huff, Varnado, and Taylor are DISMISSED from this action and their claims against their named defendants are DISMISSED WITHOUT PREJUDICE.

As to Helton's complaint, his retaliation claims and claims against McMillan are DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Helton's medical care claims against his remaining defendants, Cohen, Cody, Stevie, and Prison Health Services, are not subject to summary dismissal. Accordingly,

11

the Court DIRECTS that a copy of the complaint and a copy of this order be served

upon defendants Cohen, Cody, Stevie, and Prison Health Services by the United States

Marshal without prepayment of costs.

      SO ORDERED.


Dated:  June 16, 2011           S/Avern Cohn                
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to attached list on this date, June 16, 2011, by electronic and/or ordinary mail.


                                 S/Julie Owens            
                                Case Manager, (313) 234-5160

11-11780 Morgan, et al v. Cohen, et al
Order of Partial Summary Dismissal

## CERTIFICATE OF SERVICE

Louis Morgan, 141026
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Herbert Helton, 213835
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Philip Berryman, 107202
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Jesse Swansbrough, 489222
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 492010

Al Lewis, 150295
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

James Varnado, 135330
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Channing Thompson, 275578
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

David Beaudoin, 297868
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Jerry Talison, 119546
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Thomas Owens, 169150
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Robert Richardson, 123299
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Edwin Huff, 192724
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Michael Sones, 286044
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Nawarrion Taylor, 250160
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

13